IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL RAY JACKSON, SR.                                                                PLAINTIFF

vs.                                             Civil No. 2:19-cv-02108

ANDREW M. SAUL                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Ray Jackson, Sr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Homes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.   **Background:**

Plaintiff filed his disability application on March 7, 2017. (Tr. 10). In his application, Plaintiff alleges being disabled due to a back injury and hepatitis C. (Tr. 168). Plaintiff alleges an onset date of April 29, 2010. (Tr. 10). His application was denied initially on May 26, 2017 and again upon reconsideration on July 10, 2017. *Id.*

Plaintiff requested an administrative hearing on his denied application, and this hearing

request was granted. (Tr. 24-48). This hearing was held in Fort Smith, Arkansas on August 9, 2018. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Davis Duty. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Brown[1] testified at the hearing in this matter. *Id.*

On November 29, 2018, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 7-23). The ALJ determined Plaintiff last met the insured status requirements of the Act on June 30, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date of April 29, 2010 through his date last insured of June 30, 2014. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairment: disorder of the back. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).

*Id.*

The ALJ determined Plaintiff was forty-nine (49) years old on the date he filed his

---

[1] Her first name was not included in the record. (Tr. 24-48).

application. (Tr. 18, Finding 7). Such an individual is characterized as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008). The ALJ determined Plaintiff had at least a high school education was able to communicate in English. (Tr. 18, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). Through his date last insured, the ALJ determined Plaintiff was unable to perform any of his PRW. (Tr. 18, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 10). In making that determination, the ALJ applied the Medical-Vocational Guidelines or "Grids." *Id.* Specifically, the ALJ applied Rule 201.21 of the Grids and found Plaintiff was not disabled. *Id.* Accordingly, the ALJ determined Plaintiff was not disabled (as defined by the Act) at any time from April 29, 2010 (alleged onset date) through June 30, 2014 (Plaintiff's date last insured). (Tr. 18, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-4). On June 20, 2019, the Appeals Council denied this request for review. *Id.* On August 19, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11-12.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substanatial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 11 at 1-14. Specifically, Plaintiff raises two arguments for reversal: (1) the ALJ erred in his RFC determination; and (2) the ALJ improperly applied the Grids. *Id.* Upon review, the Court finds the ALJ improperly applied the Grids. Thus, the Court will only address Plaintiff's second argument for reversal.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a "significant" nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a vocational expert or other similar evidence to determine whether the claimant is disabled. *See id.*

In the present action, the ALJ determined Plaintiff retained the ability to perform the full range of sedentary work with no significant nonexertional impairments. (Tr. 14-17). This is

despite the fact Plaintiff has had certain postural limitations such as being unable to stand for long periods of time, requiring frequent rest breaks, and having difficulty climbing stairs. (Tr. 33, 38, 41, 250, 255, 257, 279, 337, 357-360). Thus, the ALJ should not have applied the Grids. *See Sanders,* 983 F.2d at 823-24.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 26th day of June 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6